United States v. Bishop is the next case for argument. Good morning, Your Honors. Mr. Stephens, may it please the Court. We set out in our brief an extended quote from United States v. Gilpin, which I think defines three elements for determining whether a description in a search warrant complies with the requirement for specificity, and the first is that the warrant identify the specific offense, the second, the place to be searched, and then finally, that the items to be seized by their relationship to the designated crime be specified, and it is that Mr. Stephens, what in your view should the warrant have said to be more particular? I think that it should have said information pertaining to communications with the victim, and that it should have talked about those substantive communications. Why are only communications to the victim pertinent to this crime? Crime is, the charge is criminal recklessness with a deadly weapon. Correct. So the relationship of the defendant to the weapon is certainly relevant. And so the... So how do you frame a warrant to be more particular to find the information related to the deadly weapon? You could ask for digital images of a weapon or communications about the weapon, and that wasn't done here. The warrant talks about any evidence, including all photos, videos, or any other digital files, including removable memory cards relating to suspect identify, motive, scheme, plan, along with DNA evidence of the crime of criminal recklessness. That description in the warrant gives the executing officer unbridled discretion to determine exactly why this warrant is not specific. They could have focused on the weapon, they could have focused on communications, and... What about pictures and videos? I mean, just given the circumstances the police department in Warsaw, Indiana, had on its hands here, when they go get a search warrant to go through the cell phone, they have a shooting, there's concerns about drug dealing, aren't photos and videos something they should be authorized to take a look at? If the photo or video, if there's some reason to suspect that a photo or video is a weapon, might be on the phone pertaining to the offense, and that relationship can be described with some kind of preliminary probable cause, it seems to me that that might be appropriate. We haven't been that circumspect, though. I don't think we have any evidence of that from the affidavit for the search warrant that would really support that. We haven't even imposed these kind of requirements when it comes to searching a computer, have we? So a search warrant, a warrant is issued to search a computer in a drug dealing case. We would authorize the DEA to look at a QuickBooks file on that computer or some kind of other financial program to see whether it's accounting for drug transactions, debts owed, etc. We don't require that kind of specificity in the computer context. Well, the warrants in the drug cases for computers don't say search the entire disk for anything that, search the entire computer. Narrow it down to financial transactions relating to the drug transactions or those kind of things. The whole point of the specificity is you don't get to search through the target's entire file. It's a problem that we have when you're searching files, computers, or cell phones. Counsel, my understanding is that the Supreme Court held, I think, in Andreessen against Maryland, that if you're searching for, say, securities fraud, the warrant can say search every scrap of paper in the company's office for evidence that their financial transactions have been misrepresented. It's hard to see how a warrant for securities fraud would be different from that. If that's a proper warrant in a securities fraud case, why wasn't this a proper warrant in a criminal recklessness with a deadly weapon case? Because the crime does not involve data besides data relating to the communications and the firearms so that it doesn't fit the circumstances. Misrepresentations made in a securities case would include practically all of the data that that company or individual has, because the communications are either accurate or fraudulent. And you have to look at all of them to figure out to satisfy that situation. Videos or information that isn't related to either the shooting or the proposed drug dealing, we have a much narrower set of circumstances of the crime that's under investigation here. And that's why I think the warrant should be tailored to the specific situation that we are confronted with, even though there may be crimes that call for a broader sweep in the description of the warrant. I'd like to reserve the rest of my time for rebuttal. Sure. Mr. Whalen. Thank you, Your Honor. May it please the court. Nathaniel Whalen here on behalf of the United States. I think judging by Your Honor's questions, this court understands the issue is whether the warrant sufficiently described with particularity what the officers could and could not search on the phone. This warrant did tie it to a specific crime. It told the officers they could look for evidence of criminal recklessness with a dangerous weapon. And that tie to the crime right there is what gives this warrant the particularity that the Fourth Amendment requires. I believe Judge Easterbrook referenced that in the recent case. And the exact language of that warrant ends with other fruits, instrumentalities, evidence of crime at this time unknown. It did in the previous clause reference to specific Maryland code. And Your Honor's right. The Supreme Court considered that challenge. It said, no, this isn't a search for anything, anywhere, any shape and form. It's a search for evidence of this particular crime. And this court has dealt with that issue in other cases, as we've referenced in our brief. The warrant doesn't need to elaborately detail or enable authorities to minutely identify every single item. What it needs to do is it needs to give the officers reasonable guidance so that they can know looking at a particular item what they can and cannot seize and search. In this case, it did that by linking it to the crime of criminal recklessness. One other point on what Mr. Bishop argues. He says that the warrant should have said information pertaining to communications with the victim and talked about the communications. I believe, Judge Scudder, you referenced the fact that this is an evolving crime at this point. In fact, Mr. Bishop's in the police station saying, I'm the victim. I was robbed by two individuals when the officers get the warrant. They're just trying to figure out who shot, why they shot, and what's going on here. And so they're looking for evidence of criminal recklessness on the phone. This court has said you should take into account the circumstances surrounding the warrant and whether the officers gave as much information as was possible. The officers did that in this case. Yes, to the extent that this court has any other concerns, we believe the officers acted in good faith, reliance on the warrant, and the error was harmless. Unless this court has any questions, we would rest on our wreaths on those points, all the other points, and ask that this court affirm the judgment below. Thank you. Thank you, counsel. Anything further? Mr. Stephens? Yes. When the language in the warrant is talking about any evidence of suspect identity motive, scheme, or plan, it appears that that commits the, it does not restrict the executing officer to what he can look for, and it appears to exclude nothing. And that raises the question of the government is talking about a good faith exception. Well, if the warrant on its face is not specific, it's my understanding that the executing officer cannot rely on the good faith exception. Thank you very much. And Mr. Stephens, the court appreciates your willingness to take the appointment in this case, and your assistance to the court, as well as your clients. Thank you. The case is taken under advisement.